ACCEPTED
15-24-00065-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
2/5/2025 3:28 PM
CHRISTOPHER A. PRINE
CLERK

NO. 15-24-00065-CV

IN THE COURT OF APPEALS

FIFTEENTH DISTRICT OF TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
2/5/2025 3:28:50 PM
CHRISTOPHER A. PRINE
Clerk

AUSTIN, TEXAS

---

## CITY OF RIO VISTA, TEXAS
v.
## JOHNSON COUNTY SPECIAL UTILITY DISTRICT

---

## AGREED ANNOUNCEMENT OF SETTLEMENT AND MOTION TO DISMISS

---

TO THE HONORABLE TENTH COURT OF APPEALS:

Johnson County Special Utility District, Appellee, announces to the Court that the Parties have settled all matters between them and respectfully request the Court withdraw its Opinion and dismiss this Appeal. A true and correct copy of the fully executed settlement is attached hereto as Exhibit A.

WHEREFORE, PREMISES CONSIDERED, Appellee prays that the Court takes notice of the settlement between the parties, withdraw the current Opinion, and dismiss this appeal.

Respectfully submitted,

_____
D. SCOTT CAIN            24025279
BRENT KIEL              24097064

1

TYLER GREEN 24105066


CAIN & KIEL, P.C.
Attorneys at Law
508 N. Ridgeway
Cleburne, Texas  76033
(817) 645-1717
(817) 645-1739 -Fax

**ATTORNEYS FOR APPELLEE**

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing pleading was served upon Arturo Rodriquez, Jr., prior counsel for the City and Michael Hammond, current counsel for the City. Neither are opposed to this motion, but there is some confusion as to the current status of which attorney represents the City in this proceeding, therefore, both are served with this motion.


 /s/  D. Scott Cain

| | | |
|---|---|---|
| **JOHNSON COUNTY** | § | **IN THE 413ᵗʰ DISTRICT COURT** |
| **SPECIAL UTILITY DISTRICT,** | § | |
| **Plaintiff** | § | |
| **v.** | § | |
| | § | **OF** |
| | § | |
| **CITY OF RIO VISTA** | § | |
| **Defendant** | § | **JOHNSON COUNTY, TEXAS** |

## COMPROMISE AND SETTLEMENT AGREEMENT

This Compromise and Settlement Agreement ("Agreement") is entered by and between Johnson County Special Utility District ("JCSUD") and the city of Rio Vista ("City"), collectively the "Settling Parties."

## RECITALS

WHEREAS, JCSUD has asserted claims against the City in the matter styled "Johnson County Special Utility District v. City of Rio Vista, Cause No. DC-C2022000601, in the 413ᵗʰ District Court, Johnson County, Texas (the "Lawsuit");

WHEREAS, the City has appealed a ruling in the Lawsuit and the Lawsuit currently is on appeal in Cause N. 10-23-00290-CV in the 10ᵗʰ Court of Appeals in Waco, Texas (the "Appeal");

WHEREAS, JCSUD filed a petition for a cease and desist against the City before the Texas Public Utilities Commission in PUC Docket No. 54420 in Austin, Texas that is currently in an extended, agreed abatement ("the "PUC Proceeding");

WHEREAS, JCSUD was previously engaged in a rapid decertification matter with a property being developed by Morgan Acres, LLC which was concluded;

WHEREAS, the Settling Parties had previously entered into an Interlocal Agreement dated

**COMPROMISE AND SETTLEMENT AGREEMENT, Page 1**

October 31, 2005, settling, inter alia, previous CCN boundary line disputes and the Settling Parties now desire to formally cancel that agreement;

WHEREAS, the Settling Parties desire to resolve and settle the Lawsuit, Appeal, PUC Proceeding and to terminate the previous Interlocal Agreement;

WHEREAS, the City desires to convert its facilities only CCN to a territorial CCN;

WHEREAS, the Settling Parties wish to settle all disputes between them and to compromise all the claims and counterclaims arising from the Lawsuit, Appeal and PUC Proceeding that have been asserted and/or could have been asserted in the past or in the future; and

WHEREAS, *bona fide* disputes and controversies exist between the Settling Parties, with respect to the Lawsuit, and the Settling Parties, without admitting any liability thereof, but solely to buy peace and avoid the burden, expense, inconvenience, and uncertainty of litigation, desire to compromise and settle all disputes that any and all Settling Parties have or may have arising from the Lawsuit.

## AGREEMENT

NOW, THEREFORE, in consideration of the above recitals, the mutual promises and agreements contained herein, and other valuable consideration of which receipt, adequacy and sufficiency are hereby acknowledged, the Settling Parties agree as to the following:

1. **Settlement.** The Settling Parties agree to the following settlement terms:

A. <u>City CCN Certification Change</u>. Within twelve months of the dismissal of the Lawsuit, the City will file an application with the PUC to convert its facilities only CCN into a territorial CCN with sections of single CCN certification as designated in green on the attached Exhibit A (the "Map") and dual certification with JCSUD as designated in red

<u>COMPROMISE AND SETTLEMENT AGREEMENT</u>, Page 2

on the Map. The sections of the Map outlined in Blue shall remain JCSUD's single CCN territory. JCSUD will not object to dual certification of the red areas of the Map and will cooperate with the City in its efforts to obtain dual certification in that area, but shall not bear any costs associated with the application for dual certification.

B. <u>Morgan Tract</u>. Effective upon the execution and approval of this Agreement, the City may proceed to service the Morgan Tract lots. JCSUD will not object to the City servicing the Morgan Tract nor object regarding any PUC or other regulatory approvals needed for the City to service the Morgan Tract connections.

C. <u>Dismissal of Litigation</u>. The Lawsuit, Appeal and PUC Proceeding including all claims and counterclaims, shall be dismissed with prejudice within ten (10) days of the execution of this Agreement and formal approval by the JCSUD board of directors and the City council.

D. <u>Termination of Prior Interlocal Agreement</u>. That certain Interlocal Agreement dated October 31, 2005 shall be of no further force or effect and the Settling Parties will execute any documents necessary to terminate the 2005 Interlocal Agreement.

2. **Mutual Releases**. The Settling Parties acknowledge, represent, warrant and confirm the following:

2-A. JCSUD. In consideration of this Agreement, and other valuable consideration, the receipt of which is expressly acknowledged, JCSUD hereby agrees to release and discharge the City, its agents, officers, employees, heirs, assigns, and attorneys from and against any and all claims, causes of actions, and demands of whatsoever kind or nature, whether known or unknown, whether or not asserted, of which JCSUD may have at the time of the execution of this Agreement against the City regarding the Lawsuit and the PUC Proceeding.

<u>COMPROMISE AND SETTLEMENT AGREEMENT</u>, Page 3

2-B.    City.  In consideration of this Agreement, and other valuable consideration, the receipt of which is expressly acknowledged, the City hereby agrees to release and discharge JCSUD, their agents, officers, employees, heirs, assigns, and attorneys from and against any and all claims, causes of actions, and demands of whatsoever kind or nature, whether known or unknown, whether or not asserted, of which the City may have at the time of the execution of this Agreement against JCSUD regarding the Lawsuit and the PUC Proceeding.

3.                          **Miscellaneous Provisions**.

3-A.    It is understood and agreed that this Compromise and Settlement Agreement shall be binding upon and inure to the benefit of all Settling Parties, their respective heirs, representatives, successors, and assigns.

3-B.    It is understood and agreed that this Compromise and Settlement Agreement contains the entire agreement between the Settling Parties and supersedes any prior and all agreements, arrangements, or understandings between the Settling Parties related to the subject matter hereof.  Any modification or change to this Agreement must be made in writing.

3-C.    Representation of JCSUD.  JCSUD hereby represents to the City that:

i.      it has the right, power and authority to enter in this Agreement;

ii.     It has not assigned (in whole or in part) any claim or cause of action within the scope of this Agreement; and

iii.    it will timely take such steps and execute such documents as may be reasonably required from time to time to effectuate and evidence the terms of this Agreement.

3-D.    Representations of the City.   The City hereby represents to JCSUD that:

i.      it has the right, power and authority to enter in this Agreement;

ii.     it has not assigned (in whole or in part) any claim or cause of action within the

COMPROMISE AND SETTLEMENT AGREEMENT, Page 4

scope of this Agreement; and

iii.    it will timely take such steps and execute such documents, as may be reasonably required from time to time to effectuate and evidence the terms of this Agreement.

3-E.    This Agreement shall be governed by and construed in accordance with the laws of the State of Texas and is performable in Johnson County, Texas, and the Settling Parties stipulate to venue in Johnson County, Texas to the exclusion of any other permissible venue. If any provision of this Agreement is held to be illegal, invalid or unenforceable under present law, such provision shall be fully severable, and this Agreement shall remain in full force and effect and shall not be affected by illegal, invalid, or unenforceable provisions or by its severance from this Agreement.

3-F.    Each of the Settling Parties has been represented, or has had the opportunity to be represented, by independent counsel who have reviewed and approved this Compromise and Settlement Agreement as to form and content, and each party is relying upon such parties' own counsel to evaluate this Compromise and Settlement Agreement and to advise such party as to its effect and consequences. IN ENTERING INTO THIS AGREEMENT, NO PARTY TO THIS ARRANGEMENT IS RELYING UPON ANY REPRESENTATION, STATEMENT, WARRANTY, OR PREDICTION OF ANY OTHER PARTY TO THIS AGREEMENT, OR OF COUNSEL REPRESENTING ANY SUCH OTHER PARTY, EXCEPT AS EXPRESSLY STATED IN THIS AGREEMENT OR ANY WRITTEN INSTRUMENT EXECUTED PURSUANT TO THIS AGREEMENT.

3-G.    It is understood and agreed that this is a compromise and settlement of doubtful and disputed claims, and that nothing contained herein shall be construed as an admission of liability or rights on or behalf of any Settling Party, all such liability or rights being expressly

COMPROMISE AND SETTLEMENT AGREEMENT, Page 5

denied.

3-H.    It is understood and agreed that each of the Settling Parties shall be responsible for their own costs, expenses, and attorney's fees incurred in connection with this matter, except as otherwise specifically provided herein.

3-I    This Compromise and Settlement Agreement shall not be effective unless signed by all parties, but may be executed in multiple counterparts, each of which shall be an original for all purposes, and the signatures of the Compromise and Settlement Agreement, and the terms hereof shall thereupon become binding on and inure to the benefit of each of the parties hereto, and on their heirs, successors, administrators, and assigns.

3-J.    The Settling Parties agree to keep the settlement confidential and not to disclose its terms to third parties except as may be reasonably necessary or as may be required by court order or discovery requests.

IN WITNESS WHEREOF, the Settling Parties have executed this Compromise and Settlement Agreement to be effective as of the          day of          , 2025.

DATE:                    _____
                        Johnson County Special Utility District, by its general manager,
                        Joshua Howard


DATE:                    _____
                        The City of Rio Vista, by its Mayor,
                        Jeff Faraizl



**JCSUD**
740 FM 3048
P.O. Box 1390
Joshua, TX 76058

**CCN Boundary Agreement**
**Dual CCN/Rio Vista Single CCN**
Johnson County SUD (CCN No. 10081)
City of Rio Vista (Facility Only CCN 11574)

**Legend**
**CCN Certification Type**
Dual CCN
JCSUD Single CCN 10081
Rio Vista Single CCN

NOT TO SCALE
12/13/2024

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Efile Folder on behalf of D. Cain
Bar No. 24025279
efile@cainlawyers.com
Envelope ID: 97025448
Filing Code Description: Motion
Filing Description: Settlement Notice
Status as of 2/5/2025 4:02 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Hammond | | michael@mandblawoffice.com | 2/5/2025 3:28:50 PM | SENT |
| D. Scott Cain | | efile@cainlawyers.com | 2/5/2025 3:28:50 PM | SENT |